```
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF FLORIDA

                                     CASE NO. 06-61056-CIV-COHN
                                     MAGISTRATE JUDGE P.A. WHITE
HERMAN L. REED,                  :

     Plaintiff,                  :

v.                               :       REPORT OF
                                         MAGISTRATE JUDGE
                                 :
STATE OF FLORIDA, ET AL.,
                                 :
     Defendants.
```

## I. Introduction

The plaintiff, Herman L. Reed, currently detained in the Broward County Stockade, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983.  [DE #1].

The plaintiff claims that he is a defendant in ongoing criminal proceedings in Broward County.  The plaintiff states that after his March 5, 2004 arrest, two City of Coral Springs police officers neglected to read him his Miranda rights. He claims that the state court is not providing him with his right to due process. He seeks to be released from custody, and he seeks to have his criminal charges dismissed.

The plaintiff has been granted leave to proceed  in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or

>     any portion thereof, that may have been paid,
>     the court shall dismiss the case at any time
>     if the court determines that –
>
>              *   *   *
>
>     (B) the action or appeal –
>
>              *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn, 758 F.2d at 1419. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

As an initial matter, because the plaintiff's claims challenge aspects of his ongoing criminal proceedings, they are not cognizable in a civil rights case; a habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973).  Release from custody or an order dismissing the criminal charges is not available in a federal civil rights case.

If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994).  <u>Heck</u> applies to suits filed by pretrial detainees. <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 700-01 (9 Cir. 1996); <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102-03 (5 Cir. 1996). Because the plaintiff's confinement has not been remedied by any of the procedures listed in <u>Heck</u>, his claims are not cognizable under §1983.

Moreover, because the state criminal proceedings are still in progress, this Court is prohibited from interfering therein.  <u>See Younger v. Harris</u>, 401 U.S. 37 (1971).

### III.  <u>Conclusion</u>

It is therefore recommended that as to all defendants this complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii),

3

and that the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 27th day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Herman L. Reed, <u>Pro Se</u>
      No.  800600761
      Broward County Stockade
      5400 N.W. 9th Avenue
      Ft. Lauderdale, FL 33309