UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61056-CIV-COHN/WHITE

HERMAN L. REED,

      Plaintiff,

vs.

STATE OF FLORIDA, ET AL,

      Defendant.
_____/

## ORDER ADOPTING IN PART REPORT OF UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report and Recommendation regarding Plaintiff Herman Reed's civil rights complaint pursuant to 42 U.S.C. §1983, submitted by United States Magistrate Judge Patrick A. White on November 27, 2006 [DE 11]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Complaint and the Report and Recommendation, and is otherwise fully advised in the premises.

The Court notes that no objections to the Report have been filed and the time for filing such objections has passed.  However, upon inquiry, the Court has learned from the Broward Sheriff's Office that Mr. Reed was released on bond in October 2006, but no notice has been filed in this case to update the Court as to his current address.  As such, the Court assumes that Mr. Reed has not received the Report, and as a courtesy to him,  the Court is mailing a copy of this Order, as well as the Report and Recommendation, to the home address provided by the BSO.  However, it is Mr.

Reed's affirmative duty to promptly notify the Court of any address change. He is directed to file a notice of his current address.

In his original Complaint, Mr. Reed alleges that the arresting officers did not advise him of his constitutional rights, and that the state court is denying him his right to due process. He seeks an order from this Court releasing him from custody and having his criminal charges dismissed. As Judge White explains in the Report and Recommendation, this type of claim cannot be raised under 42 U.S.C. §1983; if Mr. Reed wishes to challenge the fact or duration of his confinement, he must file a habeas corpus action. Accordingly, the Court adopts Judge White's Report and Recommendation insofar as it addresses Mr. Reed's claims for failure to advise him of his constitutional rights and denial of due process in the state court system. These claims will be dismissed.

However, upon a full review of the record, the Court notes that Plaintiff filed an additional pleading on September 1, 2006, docketed as "Notice to Court re: arrest" [DE 9]. Although perhaps inartfully titled and docketed, this document essentially contains additional factual allegations regarding the conditions of Mr. Reed's pretrial confinement. Mr. Reed alleges that he was forced to remove his clothes, and was held overnight in a cold holding cell without clothing, mattress, blanket, or pillow. He alleges that he was transferred to the Broward County Jail while naked, and forced to stand at a window in the cold for half an hour. He also alleges that some property was taken from him.

Pursuant to Federal Rule of Civil Procedure 15(a), a party is entitled to amend his pleading once as a matter of course, without obtaining leave of the Court, at any time before a responsive pleading is filed. The Defendants have filed no responsive pleading, and as such, this document shall be construed by the Court as a first Amended Complaint, setting out additional factual allegations to support a claim under Section 1983 challenging the conditions of his pretrial confinement.

The relief that Mr. Reed seeks in his Complaint, his release from incarceration and the dismissal of the charges against him, is not relief that this Court can provide in an action under Section 1983. However, a plaintiff's request for an improper remedy is not fatal to his claim; "a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant." Hawkins v. Frick-Reid Supply Corp., 154 F.2d 88, 89 (5th Cir. 1946). Because Mr. Reed's Amended Complaint does set forth facts which may be actionable under Section 1983, and it is within the Court's power to grant some relief, such as damages or injunctive relief, the Court does not at this time find that Mr. Reed's case is frivolous or fails to state a claim on which relief may be granted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 11] is hereby **ADOPTED** insofar as it addresses the claims for failure to advise the Plaintiff of his constitutional rights and denial of due process in the state courts. These claims are **DISMISSED with prejudice**.

2. The case is hereby **REFERRED** to United States Magistrate Judge Patrick A. White to proceed on Plaintiff's claims challenging the conditions of his pretrial confinement, as alleged in Docket Entry 9.

3. Plaintiff Reed is directed to file a Notice of Change of Address at his earliest opportunity to advise the Court of his current address, and he is reminded to keep the Court apprised of any future changes of address.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of February, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Magistrate Judge Patrick White

Herman L. Reed, #800600761
Broward County Stockade
P.O. Box 407065
Fort Lauderdale, FL  33340

Herman L. Reed
713  NW 5th Court
Hallandale, FL  33009