```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO.  06-61056-CIV-COHN
                                    MAGISTRATE JUDGE P. A. WHITE

HERMAN L. REED,                :

        Plaintiff,             :

v.                             :     REPORT OF
                                     MAGISTRATE JUDGE
STATE OF FLORIDA, et al.,      :

        Defendants.            :
_____
```

Herman L. Reed filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging that arresting officers did not advise him of his constitutional rights, and that the state court denied his right to due process. He sought release from custody and the dismissal of his criminal charges. A Report was entered on November 27, 2006 recommending that the case be dismissed, for failure to state a cognizable civil rights claim. [DE# 11]. That Report was mailed to the plaintiff at the Broward County Stockade. The Court's docket indicates that it was returned to the Court as undeliverable. An Order issued by the Honorable James I. Cohn adopted the Report in part, but referred the case back to the Undersigned upon the plaintiff's additional pleading docketed as "Notice to the Court." In that pleading, Reed added allegations of being held overnight in a cold holding cell without clothing, mattress, blanket or pillow, and deprivation of property. [DE# 9].

On December 19, 2007, the Undersigned entered an Order advising the plaintiff that the "Amended Complaint" [DE# 9] is insufficient to proceed because the plaintiff has not identified any individuals who allegedly violated his constitutional rights on March 5 and 6, 2004 after his arrest. [DE# 19]. The Undersigned

advised that the named defendants in this case, the State of Florida and the Coral Springs Police Department, are not only improper parties in a federal civil rights action, there are no allegations that these defendants (as entities) were involved in the plaintiff's alleged mistreatment.

The Order directed the plaintiff to identify the specific individual persons who allegedly violated his rights and explain how each person did so. In response, the plaintiff filed a notice simply naming three City of Coral Springs Police Officers. [DE# 20]. The Undersigned issued an Order advising the plaintiff that this notice was insufficient to proceed, because the plaintiff did not explain how each of these officers allegedly violated his constitutional rights. [DE# 21]. The plaintiff was directed to amend on or before February 18, 2008.

The plaintiff has now filed a short document construed to be an Amended Complaint. [DE# 22]. Therein, the plaintiff alleges that Officer Chad Brannon did not read him his <u>Miranda</u> rights; Officers Brannon and Greenleaf made him "do exercises over and over naked;" Brannon and Greenleaf falsely claimed they found drugs in his belongings; and he was taken from the Coral Springs Police Department to the Broward County Jail naked. He alleges specifically that on March 5, 2004, as he was being booked into the Coral Springs Police Department, he asked if he could exercise his rights and was told he could, so he remained silent and was charged with resisting arrest without violence. The plaintiff states that he was then asked to remove his jewelry, but he thought he was being asked to strip naked to be searched. The plaintiff was then told to put his clothes on, which he questioned, and was then taken while naked for booking, fingerprinting and testing. He claims he was then placed in a cold holding cell without his clothes for

seven hours, during which time he did exercised to keep warm. He was then transported to the Broward County Jail naked and had to stand at the window for fifteen minutes in the cold.

The Miranda claim and other claims challenging the fact of his detention have been dismissed. In this latest Amended Complaint, the plaintiff again does not identify any individuals who allegedly were responsible for placing him a cell and transporting him while he was naked. This case could be dismissed for this failure to identify the alleged wrongdoers. Nevertheless, the Undersigned concludes that as a matter of law the plaintiff has failed to raise any cognizable constitutional claims for relief with regard to his conditions of confinement upon his arrest.

It appears that the plaintiff attempts to raise a claim of a violation of his right to substantive due process under the Fourteenth Amendment against unidentified Coral Springs police officers. In Rochin v. California, 342 U.S. 165 (1952) the Supreme Court held that some conduct by governmental officials "offend[s] those canons of decency and fairness which express the notions of justice of English-speaking peoples." Although Rochin did not establish a civil remedy for abusive police behavior, subsequently the Court has held that behavior by officials that "shocks the conscience" may be held to deprive one of the right to liberty in violation of the due process clause of the Fourteenth Amendment. The threshold question in the "shocks the conscience" test is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 848 n.8 (1998). The Lewis Court left open the possibility that unauthorized police behavior might "shock the conscience" and give rise to §1983 liability. Id., at 850. See Chavez v. Martinez, 538

3

U.S. 760, 774 (2003).

In the Eleventh Circuit, claims involving the mistreatment of arrestees are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. See Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11 Cir. 1996). A Fourteenth Amendment violation can be established using the "shocks the conscience" test. Nix v. Franklin County School Dist., 311 F.3d 1373, 1375 (11 Cir. 2002) (quoting Lewis, 523 U.S. at 836, 846-47), cert. denied, 538 U.S. 946 (2003).

In this case, the plaintiff alleges that he removed his clothes when he was under the impression that he was told to do so, and then chose not to dress himself when he was told that he did not need to be naked. He claims that he was placing in a holding cell for seven hours while naked, and he had to exercise to keep warm, until he was transported while naked to the Broward County Jail and had to stand outside naked in the cold for fifteen minutes. While courts have found that extended detention in cold conditions while naked constitutes a constitutional violation, see McCray v. Burrell, 516 F.2d 357 (4 Cir. 1975)(two days in cold cell with no hygiene supplies) and see Maxwell v. Mason, 668 F.2d 361 (8 Cir. 1981)(affirming a finding of cruel and unusual punishment in the confinement of an inmate to fourteen days in a solitary cell with no clothing except undershorts and no bedding except a mattress), the plaintiff's relatively short stay in a detention cell in the early morning hours and short stint at the Broward County Jail while naked, although undoubtedly uncomfortable and embarrassing, do not "shock the conscience" and thus do not constitute a constitutional violation.

It is therefore recommended that this civil action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and that the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 13th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Herman L. Reed, <u>Pro Se</u>
      713 NW 5th Court
      Hallendale, FL 33009